JENNIE TAPAHA

Plaintiff-Appellant

vs.

EDISON DAMON

Defendant and Third-Party Plaintiff

vs.

THE NAVAJO HOUSING AUTHORITY

Third-Party Defendant

Decided on October 8, 1969

Leonard B. Jimson, Crownpoint, New Mexico, for Plaintiff-Appellant

Warren L. Bachtel, Window Rock, Arizona, for Third-Party Plaintiff

John Schuelke, Gallup, New Mexico, for Third-Party Defendant

LINCOLN, Chief Justice

The Court of Appeals of the Navajo Tribe has considered the Request for Appeal of Jennie Tapaha in depth and in this written opinion decides some of the important legal issues involved in this case.

-5-

Rule 36 of the Rules of Civil Procedure of the Courts of the Navajo Tribe requires that: "The papers and evidence on file together with the transcription of the proceeding and statement of errors must be filed in the Court of Appeals within 30 days from date the Notice of Appeal is filed." A full and complete appraisal of a case in order to determine whether there is sufficient appearance of error so as to warrant a complete review on appeal requires that the Court of Appeals have before it "the papers and evidence on file together with the transcription of the proceeding" in addition to the now customary approximation of a statement of errors generally entitled "Request for Appeal." Inasmuch as plaintiff-appellant's advocate has failed to produce the necessary papers and evidence on file for this Court, the initiative has been taken on this Court to obtain that information.

The facts of the case as they are understood by this Court are as follows: Appellant-plaintiff Jennie Tapaha resides in Crownpoint low-rent housing. She returned to her house on May 19, 1969, after some of her food had spoiled. She admitted being behind in her rent at the time although this Court is not aware of the extent to which she is in arrears, but understands that it is a substantial length of time. In the Trial Court plaintiff-appellant sought damages for the spoiled food and an injunction against Edison Damon, defendant and employee of the Navajo Housing Authority, who was the person that cut off the power to the Tapaha house. Defendant Damon brought the Navajo Housing Authority into the suit. Plaintiff-appellant then amended her complaint asking against both parties-defendants for an additional $10,000 damages claiming that she had suffered a miscarriage as a

-6-

result of mental distress at the thought of being evicted. Defendant Housing Authority moved to dismiss the action and plaintiff-appellant was given a chance to prepare a brief on the dismissal. The Trial Court dismissed the action without a hearing on the ground of the Navajo Housing Authority's sovereign immunity.

The major question involved in this case is whether the Navajo Housing Authority is immune from suits in breach of contract or tort by a tenant who is not current in her rent. The question turns at least in part on the construction Title 6 § 426. We do not view this statute as one of facile construction nor is the question clear whether the Navajo Housing Authority would be immune regardless of which construction this Court might put on the statute because of federal law. We need not reach either of these questions in this case, because of the fact situation presented by it and choose to place our decision on other grounds.

In reading the lease we have come to the conclusion that the plaintiff-appellant never acquired a cause of action as a result of the act of Edison Damon in his capacity as an employee (which fact is admitted by both parties) of the Navajo Housing Authority by cutting off the power to the house occupied by Jennie Tapaha. The lease agreement clearly says, "The management shall not be liable for failure to supply any of the above services (which includes electricity) for any cause whatsoever." Plaintiff-appellant agreed to all terms of the lease (which fact is evidenced by her signature on the lease and the fact of her reliance on the lease to attempt to establish her property rights).

Plaintiff-appellant has pointed out that the act of cutting off the power was not the discretionary act of Edison Damon, but was in fact the management of the Navajo Housing Authority. Thus no cause of action accrued in behalf of the plaintiff-appellant. According to the language in the contract the management has the right to cut off the electricity of a home for any cause. Certainly failure to pay the rent would qualify as a cause within the meaning of the language of the lease. It is only natural to expect that if one does not pay his power bill one's power will be cut off. Plaintiff-appellant waived any right to complain of the supplier of the electricity when she signed the lease, and then failed to keep current in her payments for the electricity by not paying her rent.

This Court does not condone the act of living in housing without paying rent nor can it sympathize with anyone who has agreed to pay rent when that person fails to do so. One cannot expect to live rent free when one has agreed by written contract to pay rent and has no right to remain in rental housing after declining to pay rent by word or by act. Plaintiff-appellant cannot claim the right to remain in the house which she now occupies if she refuses to meet the obligation of paying rent. Low-rent housing is intended to provide housing for people who could not otherwise afford it and the rent is to be lowered or raised according to the needs and income of the tenant. It is not intended, however, to provide free housing.

The Trial Court ruled in behalf of plaintiff-appellant by granting a restraining order against defendant. Granting a restraining

order is inconsistent with the reasoning in this opinion and the restraining order granted in the Trial Court is hereby ORDERED dissolved, since plaintiff-appellant had no cause of action.

Any further action in this matter must be brought by the parties before the Trial Court. This Court is limited by the due process clause of the Consititution from forcing appellant either to vacate the premises or to pay her rent in this opinion on the Request for Appeal since such action has not been requested by the Tribal Housing Authority.

This Court therefore ORDERS: That this appeal is denied.